IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
FILE NO.: 3:26-cv-40

| | |
|---|---|
| JEFFREY HOUSE,<br><br>    Plaintiff,<br><br>v.<br><br>ERIE INSURANCE COMPANY,<br><br>    Defendant | **NOTICE OF REMOVAL** |

Please take notice that Defendant, Erie Insurance Company ("Erie"), by and through undersigned counsel, hereby removes this action from the Superior Court of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina.

**NATURE OF THE ACTION**

1. On or about December 8, 2025, Plaintiff, Jeffrey House ("Plaintiff"), filed a complaint in the Superior Court of Mecklenburg County, North Carolina alleging, or attempting to allege, claims for breach of contract and violations of the Unfair and Deceptive Trade Practices Act against Erie. See Complaint attached hereto as Exhibit "A".

2. The matter arises out of an insurance coverage dispute whereby Plaintiff made a claim for property damage under an insurance policy issued by Erie. (See Complaint, *generally*).

**FEDERAL JURISDICTION EXISTS**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

4. Erie was served with the Complaint through the North Carolina Department of insurance on December 17, 2025. See Service of Process Transmittal, attached hereto as Exhibit "B."

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of service of process on Erie.

## COMPLETE DIVERSITY BETWEEN PLAINTIFF AND DEFENDANT EXISTS

6. According to Plaintiff's Complaint, Plaintiff is a resident of Mecklenburg County, North Carolina. (See Complaint at ¶¶1-3, 5-6)

7. Defendant in this action is a corporation organized under the laws of the State of Pennsylvania and is authorized to conduct business in the State of North Carolina.

8. For diversity purposes, Plaintiff and Erie are citizens of different states.

9. As required by 28 U.S.C. § 1332(a) and (c), complete diversity exists between the parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. "The amount in controversy is determined by considering the judgment that would be entered if the Plaintiff prevailed on the merits of his case as it stands at the tie of removal." *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d 481, 489 (S.D.W.Va. 2001). That is, "the pecuniary result… which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (citation omitted).

11. Complaint places in controversy, the Court is not required to leave its common sense behind. See *Carver v. Phoenix Ins. Co.*, No. 1:11CV203, 2012 WL 1476064 (M.D.N.C. April 24, 2012). Here, judicial experience and common sense permit the reasonable conclusion that more than $75,000 is at issue here. (See Complaint at ¶¶25-7, 35-7)

12. Plaintiff alleges that he suffered "damages as a result of Defendant's breach of contract." (See Complaint at ¶ 27).

13. In addition to the alleged compensatory damages, Plaintiff asserts, or attempts to assert, a cause of action for alleged violations of the Unfair and Deceptive Trade Practices Act. (See Complaint at ¶¶ 36--37)

14. As a result of that cause of action, Plaintiff alleges he is entitled to treble damages and attorneys' fees under N.C. Gen. Stat. § 75-1.1 et. seq. (See Complaint at ¶ 36).

15. While Erie denies Plaintiff's allegations, Plaintiff's Complaint places these categories of damages at issue.

16. When actual, incidental, consequential, treble damages and attorneys' fees are alleged, Plaintiff's Complaint places more than $75,000.00 in controversy.

## PROCEDURAL REQUIREMENTS ARE SATISFIED AND THIS REMOVAL IS PROPER

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date are attached hereto as exhibits.

18. The Defendant is party to this removal.

19. Venue is proper in this Court for this removed action pursuant to 28 U.S.C. § 1446(a) as the U.S. District Court for the Western District of North Carolina is located in the district in which the state court action is pending.

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina.

## CONCLUSION

21. Because complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds $75,000, this action is properly removable.

22. By filing this Notice of Removal, Erie does not waive any claims or defenses available to it.

23. Erie hereby reserves the right to amend or supplement this Notice of Removal.

24. Erie respectfully requests that this Court allow them the opportunity to brief and argue before this Court any issue or question concerning the removal of this case in the event that remand is sought by Plaintiffs or otherwise considered by the Court.

WHEREFORE, Erie, by and through undersigned counsel, hereby gives notice that the above-entitled matter has been timely removed to this Court.

This the 16th day of January, 2026.

MCANGUS GOUDELOCK & COURIE, PLLC

s/ John T. Jeffries
John T. Jeffries
Fed. ID No. 22134
6302 Fairview Road, Suite 700
Charlotte, North Carolina 28210
Phone: (704) 405-4571
Fax: (704) 643-2376
Email: jjeffries@mgclaw.com

ATTORNEY FOR ERIE INSURANCE COMPANY